## Augustus Jones, et al., *v.* Mary E. Dugan, et al.

**Guardian and Ward—Purchase by Guardian of Ward's Land.**

A ward may treat his guardian's purchase of his land as having been made for his benefit, and insist that the guardian hold it, and that his heirs hold it in trust for him; and this is true whether the purchase was for a fair consideration or otherwise. The guardian cannot purchase from himself.

APPEAL FROM MERCER COURT OF COMMON PLEAS.

October 20, 1877.

OPINION BY JUDGE LINDSAY:

It is not necessary that we shall enter into an inquiry as to whether the provisions of the 86th chapter of the Revised Statutes were or

not disregarded in the sale of the infant's real estate, nor whether the proceedings were void, or merely irregular.

Jones was the statutory guardian of Mary E. Dugan, then Westerfield, and therefore occupied toward her the closest fiducial relation. The land was sold upon his petition in conjunction with that of Westerfield's administrator. He could not purchase his ward's property for his own benefit, especially at his own sale. It makes no difference whether he acted fairly or unfairly, or whether the sale was or not for the ward's benefit, or whether Jones paid a fair or an inadequate price for the land. Independent of all these considerations, and in spite of good faith and fair dealing, the ward has the right to treat the purchase as having been made for her benefit, and to insist that Jones held and that his heirs at law now hold the title to her interest in the land, as one of the heirs-at-law of her deceased father, in trust for her, and she can demand the enforcement of the trust and the surrender of the title on equitable terms.

The fact that she was taken into the county court, when under fourteen years of age, and induced to select her brother, Frank Westerfield, as her guardian, and that this court appointed and qualified him as such guardian, does not prejudice her right to relief. In the first place, Jones had not resigned and had not been removed, and therefore there was no vacancy in the office of guardian for the court to fill. Therefore its action in the premises was a nullity. In the second place Jones did not pay to Frank Westerfield any portion of the purchase price for the land due under the terms of the sale to Mary E. Dugan. The receipts exhibited were given under an unauthorized and illegal arrangement between Jones and James and Frank Westerfield, and each and all the parties knew they were making or attempting to make an unauthorized and fraudulent disposition of the infant's estate. .

Judgment *affirmed.*

*Kyle & Poston, for appellants.*

*Thompson & Thompson, for appellees.*